IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GLENN R. REED and JEANETTE J. REED,<br><br>        Debtors.<br>_____<br><br>LARRY GRAY, TRUSTEE,<br><br>        Appellant,<br><br>    v.<br><br>GLENN R. REED and JEANETTE J. REED,<br><br>        Appellees.<br>_____ | 2:08-cv-02367-GEB<br><br><u>TENTATIVE RULING ISSUED<br>IN ADVANCE OF MARCH 9,<br>2009 HEARING</u> |

        Appellant Trustee appeals from the bankruptcy court's order exempting $84,000 from the bankruptcy estate. The exemption was under California Code of Civil Procedure 703.140(b)(10)(D), which provides for exemption of Debtors' "right to receive . . . support . . . to the extent reasonably necessary for the support of . . . any dependent of the debtor."

        "A bankruptcy court's conclusions of law are reviewed de novo and its factual findings are reviewed for clear error." <u>In re Ford Media Inc.</u>, 387 F.3d 1077, 1081 (9th Cir. 2004).

1

The bankruptcy court conducted a trial and made the following findings:

> [An "Agreement for Adoption of Minor Child" between the child's birth mother Debtor Jeanette J. Reed, Jeanette's husband Debtor Glenn R. Reed, and the child's birth father (the "Agreement")] provided [the birth father would make a] payment of . . . $84,000 [to Debtors upon Glenn's adoption of the child].
>
> The Agreement had a . . . confidentiality provision in it . . . that provided [the Agreement] was to be recorded as a private agreement and would not be filed with the court.
>
> . . .
>
> [T]he adoption . . . was [finalized and approved on the morning of] September 24, 2007, [before] the [Debtors'] bankruptcy case was filed [in the afternoon of September 24, 2007.]
>
> . . .
>
> The [$84,000] was deposited [with the trust account of the Debtors' counsel] on October 4, 2007.
>
> [T]he money [owed under the Agreement] is unquestionably only for . . . child support purposes.
>
> The purpose [of the Agreement] is to provide a fund that cashes out . . . future child support.
>
> I'm persuaded [] that fund was a right to receive support and it was by agreement. California law recognizes support agreement by the parties.

(Trustee's Excerpts of the Record ("ER") at 301, 302, 306.)

The trial record includes the following evidence: Jeanette submitted a declaration in which she averred the $84,000 due under the Agreement "was based on the present value of future child support payments until [the child] turned 18 . . . at the rate of $1,000.00 per month." (Debtors' ER at 69 ¶ 10.) She further declared at the time the Agreement was signed, the birth father was obligated by a

2

state court order to pay her child support in the amount of $957 per month. (Id. ¶ 9.)  She also testified at trial that Glenn would not have agreed to adopt the child if the birth father had not agreed to pay the $84,000.  (Trustee's ER at 237, 242-43.)  Jeannette's counsel Benjamin McDonald also declares following Glenn's adoption of the child, the birth father paid to McDonald's firm trust account the amount due under the Agreement.  (Debtors' ER at 77 ¶ 16.)  Jeanette further declares she receives $1,000 per month from the trust account. (Debtors' ER at 70 ¶¶ 14, 15.)  She also testified the money she has received from this trust account is for the child's support and welfare.  (Trustee's ER at 237-38.)

The Trustee argues the bankruptcy court's finding that the $84,000 constitutes child support is clearly erroneous because the adoption, which was completed before the Debtors filed their bankruptcy petition, terminated Jeanette's right to receive support payments from the birth father.  Adoption "relieve[s the birth father] of all parental duties towards, and all responsibility for, the adopted child, and [terminates the birth father's] right[s] over the child."  Kristine M. v. David P., 135 Cal. App. 4th 783, 790 (2006) (quoting Cal. Fam. Code § 8617).  "[W]hen parental rights are terminated, the . . . support obligation . . . terminate[s] as well." County of Orange v. Rosales, 99 Cal. App. 4th 1214, 1220 (2002).

The Debtors counter Jeanette's right to receive child support is based on the Agreement which provided the birth father would pay $84,000, an amount representing the present value of future child support.  The bankruptcy court found this Agreement "had a . . . confidentiality provision in it . . . that provided [the Agreement] was to be recorded as a private agreement and would not be filed with

3

the [state] court." (Trustee's ER at 301.)  However, an agreement concerning child support may only be entered with "approval of the [state] court."  In re Marriage of Alter, No. H032390, 2009 WL 467053, at *5 (Cal. App. Feb. 26, 2009) (quoting Cal. Fam. Code § 4065(a)). This is because "child support payment . . . is imposed by law - it is an order of the court."  Id.  Since the Agreement was not approved by the state court, it does not create a "court-imposed" obligation to provide child support.  Id. (quoting Armstrong v. Armstrong, 15 Cal. 3d 942, 947 (1976)).  Accordingly, the $84,000 due under the Agreement does not constitute child support and is not exempted from the bankruptcy estate.

For the stated reasons, the bankruptcy court's decision is reversed.

Dated:  March 4, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

4